FILED

2016 AUG 12 A 11: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ELAINE CONRAD
Washington, DC

Plaintiff,

v.

JAMES R. CLAPPER, in his official capacity

And

MARK EWING, in his personal capacity

Defendants.

Civil Action No.: 1:16CV1030

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO USE A PSEUDONYM**

Plaintiff Elaine Conrad respectfully submits this memorandum in support of her Motion to proceed pseudonymously.

Since filing under a pseudonym is asking to waive a requirement of Federal Rule 10(a),[1] courts in this Circuit have found that a party should ask permission of the court before proceeding. *Richard S. v. Sebelius*, 2012 U.S. Dist. LEXIS 72873, *4-5 (D.S.C. May 25, 2012); *citing*, *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). Moreover, a plaintiff may not use a pseudonym just to avoid suffering embarrassment or financial harm that regularly accompanies public litigation, but should do so only to avoid severe harms. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Examples of issues where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* Additionally, this Circuit has regularly allowed, without serious analysis

[1] Specifically, excluding the name of the party.

even, intelligence community employees who deal with classified information to proceed anonymously. *See, e.g., Chris v. Tenet*, 221 F.3d 648, 649 n. 1 (4th Cir. 2000)(Addressing a Title VII sexual harassment claim, the appellate court stated: "...Plaintiff/Appellant's pseudonym, assigned to her for purposes of these proceedings. Her real name cannot be disclosed due to the classified nature of her government work").

The Fourth Circuit has created a five factor test for courts to apply when ascertaining whether a pseudonym is appropriate. The first factor is "[w]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Here, Ms. Conrad was suffering from acute depressive disorder, a mental illness that carries serious stigma in the intelligence community and could end her career if widely known. A trial of this matter will require extensive testimony regarding her medical history, treatment and diagnosis; as many courts have found (see *supra*), a discussion of an ongoing mental illness is *per se* a sensitive and highly personal matter. This is all the more true in Plaintiff's situation since she is working in a field that seriously scrutinizes mental stability and could disqualify a person from a necessary security clearance.

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties." *Id.* Not only does Ms. Conrad have concerns about potential mental harm that could come from being blackballed in the intelligence community for courageously bringing this action, but she also has concerns of retaliatory physical harm resulting from broad disclosure of the names of high-profile national security matters she worked on at ODNI. Ms. Conrad has a top-secret security clearance and her work at ODNI was largely with classified information. Matters she worked on are only, at best,

tangentially related to her employment case, but if her association with these matters became public she would have reason to fear for her safety.

The third factor is "the age of the person whose privacy interest [is] sought to be protected." *Id.* This court has found that being a minor is not the primary question but more the susceptibility to harm. *Doe v. Rector & Visitors of George Mason Univ.*, 2016 U.S. Dist. LEXIS 51195, *23-30 (E.D. Va. 2016; J. Ellis). While Ms. Conrad is not a minor, she has only been working in the intelligence field for nine years and is at the beginning of her career.

Finally, the fourth and fifth factors, generally addressed together, are "whether the action is against a governmental or private party and the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Jacobson* at 238. These last factors weigh heavily in Plaintiff's favor. "When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations." *Painter v. Doe*, 2016 U.S. Dist. LEXIS 91003, *18 (W.D.N.C. July 12, 2016); *citing*, *Doe v. Pittsylvania Cnty., Va.*, 844 F.Supp.2d 724, 730 (W.D. Va. 2012). Moreover, as Judge Ellis found in *Doe v. Rector & Visitors of George Mason Univ.*, when considering the public's right to information regarding actions involving the government, "the use of a pseudonym is an appropriately tailored means of protecting plaintiffs...interests without unduly restricting public access to the litigation materials...the public has full access to everything the government has filed with the exception of plaintiffs...identit[y]." *Id.* There is no measurable prejudice to the government or the public by allowing Plaintiff to proceed anonymously.

The five factors, none of which are dispositive, all lean in Plaintiff's favor. Given that Plaintiff has made a colorable argument in support of the request to proceed pseudonymously, she

asks the Court to grant her Motion. The Plaintiff also requests that the Court order the parties and any third party who makes a filing in this case to redact Plaintiff's true name and any identifying information from all documents filed in the public record. Plaintiff respectfully requests that the Court enter the Order filed contemporaneously herewith without a hearing

ELAINE CONRAD

By: ______________________
Of Counsel

Timothy P. Bosson, Esq. VSB# 72746
Monique Miles, Esq. VSB# 78828
Old Towne Associates, PC
216 S. Patrick St.
Alexandria, VA 22314
Ph: (703) 519-6810
tbosson@oldtowneassociates.com
mmiles@oldtowneassociates.com
*Counsel for Plaintiff*

Enc: Proposed Order

Copies via CM/ECF to:

Timothy P. Bosson, Esq. VSB# 72746
Monique Miles, Esq. VSB# 78828
Old Towne Associates, PC
216 S. Patrick St.
Alexandria, VA 22314
Ph: (703) 519-6810
tbosson@oldtowneassociates.com
mmiles@oldtowneassociates.com
*Counsel for Plaintiff*