## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |
|---|---|
| ELAINE CONRAD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-1030 |
| | ) |
| JAMES R. CLAPPER, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss the Complaint.

Plaintiff has brought claims against James R. Clapper, in his official capacity as the Director of National Intelligence, and Mark Ewing, Chief Management Officer, Office of the Director of National Intelligence (ODNI), in his personal capacity. In her complaint, Plaintiff alleges that ODNI and Mr. Ewing violated the Rehabilitation Act by declining to hire her for a permanent position at ODNI because of her disability, by failing to accommodate her disability, and by creating a hostile work environment (Count I). Plaintiff also alleges that ODNI violated the Family Medical Leave Act by interfering wither right to take FMLA leave and by retaliating against her for

taking FMLA leave (Count II). Finally, Plaintiff claims she was entitled to severance pay after her five-year term at ODNI expired (Count III), a claim that she withdrew in her Opposition to Defendants' Motion to Dismiss.

Plaintiff's claim against Defendant Mark Ewing must be dismissed, because the Rehabilitation Act does not permit personal capacity claims. In Baird ex rel. Baird v. Rose, the Fourth Circuit held that the Americans with Disabilities Act (ADA) does not provide for personal liability. 192 F.3d 462, 472 (4th Cir. 1999). The Court reasoned that, because Title VII does not provide for personal liability, and the ADA incorporates the remedies available under Title VII, the ADA does not permit actions against individuals in their personal capacities. Id.

Many district courts in this Circuit, including this one, have applied the Fourth Circuit's reasoning in Baird to Rehabilitation Act claims in the federal employment context, concluding that because the same standards apply to the ADA and the Rehabilitation Act, neither act permits suing against an individual defendant who is not an employer. See, e.g., Hockaday v. Brownlee, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004). Because the Rehabilitation Act does not permit personal capacity suits, Plaintiff's claim against Mr. Ewing must be dismissed. As

2

a result, Count I of the complaint should be dismissed as to Defendant Mark Ewing.

Furthermore, because Plaintiff has withdrawn her claim for severance in Count III, Count III of the complaint should be dismissed.

In regards to the remaining claims, the Court finds that the Complaint states a claim upon which recovery can be had against Defendant James R. Clapper. It is hereby

ORDERED that Count I is dismissed as to Defendant Mark Ewing and Count III is dismissed.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 2, 2016

3