

FILED
MAR - 1 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELAINE CONRAD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL DEMPSEY, in his official capacity as ) <br> Acting Director of the Office of the Director of ) <br> National Intelligence,[1] ) <br> ) <br> Defendant. ) | Civil Action No. 1:16-cv-01030 |

## STIPULATED PROTECTIVE ORDER

The Court enters this Order to govern the production and use in this case of any records, documents and/or information that may be protected under the terms of the Privacy Act, 5 U.S.C. § 552a, and/or other terms of confidentiality as set forth by the parties. This Order sets forth mandatory procedures for persons who receive or review documents or information produced under this Order.

### I. PRIVACY ACT PROTECTED MATERIALS

1. Definitions:

   a. As used in this Order, the term "Privacy Act Protected Materials" means certain government records,[2] documents and other information, including computerized or

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michael Dempsey, in his official capacity as Acting Director of the Office of the Director of National Intelligence, has been substituted for James R. Clapper as the defendant in this case.

[2] For purposes of this Order, the term "record" as it relates to protected materials under the Privacy Act shall mean "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions,

1

       electronic information, that are protected from disclosure under any applicable law or regulation including under the terms of the Privacy Act, 5 U.S.C. § 552a, and/or otherwise may intrude upon the privacy interests of current or former government employees to whom such materials pertain.

    b. The term "Privacy Act Protected Materials" does not include materials obtained through means other than production by the government.

2. Privacy Act Protected Materials shall be marked "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or a similar designation. For any records, such as electronic data, whose medium makes such stamping impracticable, the cd, diskette, or tape case and/or accompanying cover letter shall be marked "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or a similar designation.

3. Defendant shall be solely responsible for designating Privacy Act Protected Materials. Plaintiff retains all rights to challenge whether designated materials constitute Privacy Act Protected Materials.

4. Privacy Act Protected Materials, any copies thereof, and any and all information contained therein, shall be distributed to, and used by, only those individuals listed in paragraph 5 of this Order solely in connection with this litigation, including any appeals and any related administrative proceedings, and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order approved by the Court.

5. Privacy Act Protected Materials, any copies thereof, and any and all information contained therein, may be disclosed only to:

---

medical history, and criminal or employment history and that contains his name, or the identifying number, symbol or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).

    a. Plaintiff's attorneys and persons regularly in the employ of the Plaintiff's attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel;

    b. Plaintiff;

    c. the Court and its personnel, including court reporters;

    d. witnesses and potential witnesses, but only to the extent reasonably necessary to provide a foundation for or elicit discoverable testimony and/or other evidence; and

    e. consultants and expert witnesses consulted, retained, or hired by any party to this litigation, and persons regularly in the employ of any of the foregoing assisting in this litigation, but only to the extent reasonably necessary to provide a foundation for or elicit the expert testimony and/or other evidence.

6. Privacy Act Protected Materials, any copies thereof, and any and all information contained therein, shall be used in this action only by Plaintiff's counsel of record, and shall be used by them solely for the benefit of the Plaintiff and for the purpose of this action, and shall not be published or disseminated to the public in any form, including the internet, nor used by them for any purpose other than for this case.

7. All Privacy Act Protected Materials produced to Plaintiff and/or disclosed to those listed in paragraph 5, any copies thereof, and any and all information contained therein, must be stored at all times in a secure location maintained by Plaintiff's attorneys and may not be sent to or reviewed by any person listed in paragraph 5(b) and 5(d) above outside of that location and manner that ensures access is limited to the persons authorized under this Order.

8. Any person listed in paragraph 5 (except the Court) who is to review Privacy Act Protected Materials must sign the appropriate Acknowledgment attached hereto before he or she is given access to Privacy Act Protected Materials. Plaintiff's counsel shall maintain copies of the acknowledgement forms, and will make such forms available: (a) to the Court at its request, and (b) to Defendant in the event of a loss or suspected loss of Privacy Act Protected Materials or at Defendant's request if Defendant has cause to believe that any individual who received Privacy Act Protected Materials has not adhered to the terms of this Order. No person to whom Privacy Act Protected Materials have been disclosed shall, in turn, disclose such materials other than pursuant to the terms of this Order.

9. Any Privacy Act Protected Materials, including, but not limited to, responses to interrogatories and those portions of depositions where the contents of Privacy Act Protected Materials are discussed,[3] shall be filed, if at all, under seal, pursuant to a motion to seal that complies with Local Civil Rule 5. Provided, however, that a redacted version with as few redactions as possible will be filed on the public record. This Order does not prevent public disclosure of redacted Privacy Act Protected Materials.

10. The manner of using any Privacy Act Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

11. Defendant's failure to designate any materials as Privacy Act Protected Materials shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order. The burden is on Defendant to notify Plaintiff that Defendant asserts that materials

---

[3] The parties shall treat those portions of deposition transcripts as Privacy Act Protected Materials subject to this Protective Order.

are Privacy Act Protected Materials. Once so notified, Plaintiff will protect such materials under the terms of this Order.

12. All individuals to whom Privacy Act Protected Materials are disclosed by Plaintiff or by Plaintiff's counsel consistent with the restrictions in paragraphs 4, 5, 6, 7 & 8 shall destroy or return any and all such materials and copies thereof in their possession to Plaintiff's counsel of record within thirty (30) days after termination of this litigation, or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

13. Privacy Act Protected Materials and all copies thereof (other than Privacy Act Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within sixty (60) days after the termination of this litigation, including any appeals. Any document created by Plaintiff or her counsel which contains or reflects Privacy Act Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product that do not contain Privacy Act Protected Materials.

14. At the request of Defendant, Plaintiff's counsel shall certify to the destruction of all such documents, as referenced in paragraphs 12 and 13, not returned to the United States Department of Justice, Civil Division within sixty (60) days of the termination of this litigation, and/or receipt of the request, whichever is later.

15. Subject to the provisions of paragraph 5, nothing in this Protective Order affects the right of counsel to discuss with their clients and expert witnesses or litigation consultants any information contained in Privacy Act Protected Materials.

16. Defendant and his counsel are hereby authorized to release Privacy Act Protected Materials to Plaintiff's counsel and to the Court. Plaintiff's counsel hereby represent that they are authorized to receive Privacy Act Protected Materials. This Order does not regulate Plaintiff's use of Privacy Act Protected Materials pertaining to Plaintiff except to the extent that such materials also constitute Privacy Act Protected Materials pertaining to any other person.

## II. OTHER CONFIDENTIAL INFORMATION

17. The parties agree that in documents produced in discovery by either party or filed with the Court, current employees of the Office of the Director of National Intelligence ("ODNI") or the Central Intelligence Agency ("CIA") who are not in public roles shall be identified by their first names and the first initial of their last names, and the job titles, office locations, and office phone numbers of all current ODNI and CIA employees shall be redacted. If any such information is used in depositions, Defendant's counsel will provide Plaintiff's counsel with a redacted deposition transcript.

18. The parties agree that in documents filed with the Court, Plaintiff shall be identified by her first name and the first initial of her last name, Hannah P.[4] The parties may, however, use Plaintiff's full first and full last name in documents exchanged between the parties during the course of discovery, in depositions, and at trial.

---

[4] Plaintiff has agreed to move the Court to amend the case caption to reflect Plaintiff's name as Hannah P. instead of the pseudonym Elaine Conrad.

19. The parties agree that no classified information shall be produced or otherwise referred to either in documents produced in response to discovery requests, in any other documents relating to the litigation of this case, or in any testimony that may be provided. If there is an inadvertent disclosure of classified information, Defendant's counsel will advise Plaintiff's counsel about what steps shall be taken to protect such information and, if possible to do so in a manner consistent with the need to protect national security information, produce to Plaintiff redacted versions of the pertinent documents or transcripts.

20. The parties agree that any current employee of ODNI or CIA who is in covert status may be deposed only through written questions.

21. To the extent that Plaintiff may release to Defendant's counsel personal information pertaining to Plaintiff's claims and/or alleged damages that could potentially include documents and/or information regarding Plaintiff's medical condition, during discovery Defendant shall treat these materials as confidential and disseminate these materials only to the legal staff assigned to work on Plaintiff's case as well as to any experts who Defendant may retain in this lawsuit. Before filing, the parties shall consult regarding the filing of such materials on the public docket and/or use at trial; in the absence of agreement, the parties shall seek guidance from the Court.

### III. GENERAL PROVISIONS

22. This Protective Order does not constitute a waiver or ruling on the question of whether any particular material is properly discoverable or admissible. Further, this Order is without prejudice to the rights of either party to apply to the Court for a further protective order or to make any discovery objections permitted by the Federal Rules of Civil Procedure,

including any assertion of privilege, or any statute or other authority. Nothing in this Order shall be deemed a waiver of any privileges or defenses regarding the production of requested information, and thus this Order does not constitute a ruling on or waiver of any potential objection to the production or admissibility of any material.

23. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court.

24. Nothing in this Order shall be construed to confer rights on any third party.

25. The parties retain the right to request the Court to modify any of the restrictions contained in this Protective Order.

WE ASK THAT THIS ORDER BE ENTERED:

Dated: February 27, 2017    Respectfully submitted,

_____ AUSA w/ permission
Timothy P. Bosson, Esq. VSB# 72746    for:
Monique Miles, Esq. VSB# 78828
Old Towne Associates, PC
216 S. Patrick Street
Alexandria, VA 22314
Tel: (703) 519-6810
tbosson@oldtowneassociates.com
mmiles@oldtowneassociates.com

*Counsel for Plaintiff*

DANA J. BOENTE
United States Attorney

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Federal Programs Branch

_____
ANTONIA KONKOLY
Assistant United States Attorney
U.S. Attorney's Office,
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3799
Fax: (703) 299-3983
antonia.konkoly@usdoj.gov

_____/s/ 1 Mar 17
Ivan D. Davis
United States Magistrate Judge

8

RYAN B. PARKER
KARI E. D'OTTAVIO
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-4336
Fax: (202) 616-8470
ryan.parker@usdoj.gov
kari.e.d'ottavio@usdoj.gov

*Counsel for Defendant*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELAINE CONRAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL DEMPSEY, in his official capacity as )<br>Acting Director of the Office of the Director of )<br>National Intelligence,[5] )<br>)<br>Defendant. )<br>) | Civil Action No. 1:16-cv-01030 |

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand the Stipulated Protective Order ("Order") entered in the above-captioned action. I hereby agree to be bound by the terms of the Order. Specifically,

1. I agree that I will use Privacy Act Protected Materials only for purposes of this litigation, including any appeals, and not for any other purpose of any kind;

2. I agree that Privacy Act Protected Materials, and all copies thereof (including but not limited to electronic copies), may not be removed from, or reviewed outside of, a secure location, except to the extent such materials are (a) sent to the Court for filing, (b) sent to the expert witness(es) or litigation consultant(s) retained or hired by Plaintiff, or (c) returned to Defendant or Defendant's counsel;

---

[5] Pursuant to Federal Rule of Civil Procedure 25(d), Michael Dempsey, in his official capacity as Acting Director of the Office of the Director of National Intelligence, has been substituted for James R. Clapper as the defendant in this case.

10

3. I agree that Privacy Act Protected Materials, and all copies thereof (including but not limited to electronic copies), shall be returned to Plaintiff's counsel within 60 days after the termination of this litigation, and I agree not to further use such materials for any purpose. I further agree that any documents created by Plaintiff, her counsel, Plaintiff's counsel's employees, consultants or expert witnesses containing Privacy Act Protected Materials also will be returned by me to Plaintiff's counsel within 60 days after the termination of the litigation. I understand that Plaintiff's counsel shall determine whether Privacy Act Protected Materials shall be returned to Defendant or destroyed and that, if destroyed, Plaintiff's counsel shall certify in writing to Defendant's counsel that such materials have been destroyed;

4. I agree that, subject to the restrictions in the Order and paragraph 2 above, I may disclose Privacy Act Protected Materials only to the Court, the parties' attorneys of record, persons regularly in the employment of such attorneys, and any experts or consultants hired for this case by the Plaintiff or her attorneys and who (except the Court) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation;

5. Should I wish to disclose Privacy Act Protected Materials to any additional persons except those indicated in the Order and herein, I will first seek the Defendant's consent;

6. I agree that those portions of any filings with the Court which contain Privacy Act Protected Materials shall be filed under seal pursuant to a motion to seal that complies with Local Civil Rule 5;

7. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time; and

8. I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Virginia in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____
[signature]

_____
[print name]

Dated: _____