**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ELAINE CONRAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )      Civil Action No. 1:16-cv-01030 |
| JAMES CLAPPER, in his official capacity as | ) |
| the Director of the Office of the Director of | ) |
| National Intelligence, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>**MEMORANDUM OF LAW IN SUPPORT OF THE**</u>
<u>**MOTION FOR LEAVE TO AMEND THE COMPLAINT**</u>

**COMES NOW** Plaintiff Elaine Conrad to file this Memorandum of Law in Support of her Motion for Leave to Amend the Complaint against the Defendant James Clapper, in his official capacity as the Director of National Intelligence of The Office of the Director of National Intelligence ("ODNI" or "Agency"), stating in support thereof as follows:

The parties have now taken depositions of all pertinent witnesses and received responses to written discovery in this case.  The discovery deadline is this Friday, April 14th.  Plaintiff has a fuller picture of the factual landscape in this case and seeks to amend her Complaint for the first time to accomplish the following:

1.  Amend the caption to withdrawal Plaintiff's pseudonym and use her first name and first initial of her last name ("Hannah P.")[1];

---

[1] This was done at the request of Defendant's Counsel and pursuant to the protective order entered in this case.

2. Remove the Defendant, Mark Ewing, formerly dismissed by the Court in its December 2, 2016 Order granting in part Defendant's Motion to Dismiss;

3. Remove the original Count III, which was struck by this Court in the above-cited Order; and

4. Add additional minor facts and delineate two claims in new sub-counts under Count I (Rehabilitation Act) from what was previously part of the three existing sub-counts.

On April 6, 2017, Plaintiff provided a draft of the Amended Complaint and sought the consent of Defendant to amend; Defendant consents to the first three amendments, but refuses to consent to the fourth. Plaintiff, therefore, seeks leave of this court to amend its Complaint. *Exhibit A, Amended Complaint.*

## SUMMARY OF THE LAW

Federal Rule of Civil Procedure 15(a)(2) provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The **court should freely give leave** when justice so requires." (emphasis added). Interpreting this language Virginia courts have found that leave to amend a pleading should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *quoted by*, *Robert's Farm Equip., Inc. v. William Hackett Chains, Inc.*, No. 1:10cv282; 2011 U.S. Dist. LEXIS 88984, at *8 (E.D. Va. 2011, J. Lee). Moreover, the 4th Circuit has found it to be *per se* abuse of discretion for a trial court to fail to provide the rationale justifying the denial of a motion to amend. *See, e.g., Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

## ARGUMENT

To Plaintiff's knowledge, Defendant has no basis to claim Plaintiff has acted in bad faith or that the amendments are futile, so presumably the argument is only that the Defendant would be prejudiced by this timely amendment request.

At the outset, it should be noted that the prejudice in this case is actually to Plaintiff. On March 16, 2017, three days before Plaintiff was set to depose Mark Ewing, the chief actor in this case, Defendants dropped two e-mails on Plaintiff that had not been previously provided. The first e-mail was a June 30, 2015 e-mail from Mark Ewing to the Principal Deputy Director Stephanie O'Sullivan that completely disparaged the Plaintiff and recommended that she not be hired for the job in question in this case. ***Exhibit B***, ***6/30/15 E-mail***. To say the e-mail is a "smoking gun," is an understatement.

The second e-mail provided on March 13, 2017 was an e-mail from Mark Ewing to his attorneys at ODNI dated **August 16**, **2016** noting that he had just found the June 30, 2015 e-mail and realized he needed to "amend" his sworn statement to make it accurate. Despite having knowledge that Mark Ewing's sworn statement was materially false as of August 2016, Defendant never informed Plaintiff's Counsel of this fact, before providing the e-mails on March 13, 2017. This means not only was the the June 30 e-mail **not** produced in conjunction with Mark Ewing's sworn statement at the EEOC stage but it was intentionally **not** "disclosed" by Defendant with their Rule 26 disclosures **even though Defendant listed the Sworn Statements from the EEOC as part of its disclosures**.

Due to Defendant's intentional concealment of evidence, Plaintiff was not aware of the extent to which ODNI had wrongly used the Employee Assistance Program ("EAP") as a medical examination, disclosed Plaintiff's medical information all the way to the Principal Deputy Director and Director of National Intelligence and used confidential medical information to make the

determination not to hire Plaintiff for the Cyber position.[2]  Plaintiff informed Defendant by letter dated March 14, 2017 that, among other things, this action would require Plaintiff to file an amended complaint to correct the record.[3]

While Plaintiff would be highly prejudiced by being precluded from amending her complaint under the circumstances, there is literally no prejudice to Defendant.  Plaintiff's primary alteration in the Amended Complaint is to add two sub-counts under Count I, which were already discussed throughout the initial Complaint and were already included as part of the Count I, C. Hostile Work Environment claim.  *See*, Complaint ¶ 49.  Plaintiff only seeks to make these allegations separate sub-counts now that she was made aware by the June 30, 2015 e-mail of the extent of the wrongful actions taken by her supervisors and Mark Ewing.

For instance, Plaintiff seeks to add Count I, D. Wrongful Medical Examination, which simply alleges that the EAP program utilized by ODNI was a medical examination that violates the Rehabilitation Act; Plaintiff's initial Complaint is replete with references to the EAP program and its wrongful use (*e.g.*- Complaint ¶¶ 21-23, 32, 42, 48-49, even in equitable relief for Count I).  Virtually the only new allegations in sub-count D. are that the information gained from the EAP counseling was wrongly used by Mark Ewing to ruin her reputation and make the negative hiring decision – information Plaintiff did not know until March 13, 2017.  *See*, Amended Complaint ¶ 54.

Similarly, Plaintiff seeks to add Count I, E. Unlawful Use of Confidential Medical Information, which states essentially that the Defendant mishandled and misused the confidential

---

[2] Plaintiff had assumed in her Complaint that Mark Ewing was misrepresenting the facts, but she had no idea how directly Mark Ewing was involved in the EAP process and how it cost her the Cyber position until she received the June 30 e-mail.

[3] Plaintiff also threatened sanctions under Rule 26 and 37 but decided against the Motion in an effort at civility.  If the Court would like to revisit this issue, Plaintiff would not object.

information provided by Plaintiff during the EAP counseling; again, the initial Complaint contains numerous references to the misuse by Defendant of the medical information (*e.g.*- Complaint ¶ 1, 23, 48-49, even in equitable relief for Count I).

Defendant cannot, therefore, be prejudiced because the only new information provided by Plaintiff was already known to Defendant when Mark Ewing disclosed it on August 16, 2016. Moreover, any argument that Defendant would need further discovery of these matters is unpersuasive, as Defendant holds and always has had control over all records and witnesses pertaining to these allegations.

The remaining factual amendments to the Complaint are minor edits clarifying the record based upon facts divulged in discovery.  The allegations were all previously known to Defendants and would not require any further discovery by Defendants, therefore, there is no prejudice to Defendant by any of these claims.  If Defendant takes issue with any particular allegations, Plaintiff would be glad to address those concerns when raised.


ELAINE CONRAD


_____  /s/

Timothy P. Bosson, Esq. VSB# 72746
Monique Miles, Esq. VSB# 78828
Old Towne Associates, PC
216 S. Patrick St.
Alexandria, VA 22314
Ph: (703) 519-6810
tbosson@oldtowneassociates.com
mmiles@oldtowneassociates.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2017, I caused the foregoing to be filed on the Court's

CM/ECF system, which will send a notification of such filing to the following counsel of record:


RYAN B. PARKER
KARI E. D'OTTAVIO
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 514-4336
Ryan.parker@usdoj.gov
Kari.E.D'Ottavio@usdoj.gov
*Counsel for Defendant*


_____/s/_____
Timothy P. Bosson, Esq.
Old Towne Associates, PC